UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FANNETTE PERRY-BYNAM § | |
| § | |
| Plaintiff, § | |
| § | |
| v § | CIVIL ACTION NO. 4:15-cv-00596 |
| § | |
| CHASE HOME FINANCE § | |
| § | |
| Defendant. § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant"), successor by merger to Chase Home Finance LLC (incorrectly sued as "Chase Home Finance" and "Chase Home Finance, LLC, a subsidiary of JPMorgan Chase Bank, N.A."), files its Notice of Removal of this action from the 164th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, the District and Division encompassing the place where the state court is located.[1] This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, JPMC shows this Court as follows:

1. On February 6, 2015, Plaintiff Fannette Perry-Bynam ("Plaintiff") commenced an action against JPMC in the 164th Judicial District Court of Harris County, Texas, styled *Fannette Perry-Bynam v Chase Home Finance,* where it was assigned Cause No. 2015-06935.

2. On February 13, 2015, JPMC was served with a citation. Removal is timely because thirty (30) days have not elapsed since Defendant was served with a summons or

---

[1] Plaintiff filed the lawsuit in Harris County, Texas alleging the venue is proper because the real property at issue is located in Harris County. The property at issue is actually located in Fort Bend County. This Court has jurisdiction over state courts located in both Harris County and Fort Bend County.

citation.  28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

3. JPMC is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal with the clerk of the 164th Judicial District Court of Harris County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4. In accordance with Local Rule 81, copies of all processes, pleadings, orders signed by the state judge, a copy of the state docket sheet, a complete list of all counsel of record, together with an index of such documents are attached hereto collectively as Exhibit "A."  JPMC has also filed contemporaneously with this Notice a civil cover sheet.

## GROUND FOR REMOVAL:  DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

### (a) The Amount in Controversy Exceeds the Federal Minimum Jurisdictional Requirements.

6. Plaintiff seeks to void a home equity lien dated February 9, 2011 (the "Loan") alleging the Loan violates numerous provisions of Article XVI, § 50(a)(6), of the Texas Constitution.  In connection with her claims, Plaintiff seeks a judgment declaring that, *inter alia*, "the lien is noncompliant with the Texas Constitution and thereby VOID," JPMC has forfeited all principal and interest on the Note, and JPMC must reimburse Plaintiff all payments that have previously been made on the Note.  *See* Ex. A-3 at ¶ 26-27 and Prayer for Relief.  "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).  In other

words, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998). The Loan secured an original principal sum of $101,000. *See* Ex. A-3 at Exhibits 1 and 2. Plaintiff seeks a declaration that the Note and Deed of Trust are invalid, and reimbursement of all payments previously made under the Note. *Id.* at ¶ 27 and Prayer for Relief.

7. Plaintiff also seeks to quiet title to the property secured by the Loan, which is located at 16119 April Ridge Drive, Houston, Texas 77083 (the "Property"). When the right to property is in question, the value of the property determines the jurisdictional amount in controversy. *See Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). The Property has a current fair market value of $130,570 according to the Fort Bend Central Appraisal District. *See* Ex. B.

8. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

(b) **Complete Diversity between Plaintiff and Defendant Exists.**

9. Plaintiff was at the time of the filing of this action, has been at all times since, and is still an individual resident citizen of the State of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a citizen of Texas.

10. A national banking association is deemed a citizen of the state in which it is located. 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia*

*Bank, N.A. v. Schmidt*, 126 S. Ct. 941 (2006). JPMC is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. Accordingly, Defendant is a citizen of Ohio.

11. Accordingly, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is a citizen of Ohio, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, JPMC prays that the above-described action now pending in the 164th Judicial District Court of Harris County, Texas be removed to this Court.

Respectfully submitted,

  */s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
S.D. Bar No. 28635
TRAVIS LEE RICHINS
Texas Bar No. 24061296
S.D. Bar No. 1105618
**QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
trichins@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      This is to certify that on March 6, 2015 a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel, via email, in accordance with the Federal Rules of Civil Procedure.

    Kelsi M. Wade
THE LANE LAW FIRM
6200 Savoy, Suite 1150
Houston, Texas 77036
*Counsel for Plaintiff*

                              */s/ Wm. Lance Lewis*
                              Wm. Lance Lewis